1  **BARNES & THORNBURG LLP**
   KEVIN D. RISING (SBN 211663)
2  JOEL R. MEYER (SBN 247620)
   CLIFFORD J. SHAPIRO (Admitted *Pro Hac Vice*)
3  KATARZYNA K. DYGAS (Admitted *Pro Hac Vice*)
   2049 Century Park East, Suite 3550
4  Los Angeles, California 90067-3012
   Telephone:  310-284-3880
5  Facsimile:  310-284-3894

6
   Attorneys for BP Products North America Inc.
7

*See Modified Stipulated Protective Order with Judge's change to page 9 attached

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

8              IN THE UNITED STATES DISTRICT COURT FOR THE
9                       CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  JOHNSON MATTHEY INC., a corporation, and CSI ALISO, INC. (formerly known as Applied Utility Systems, Inc.), a corporation,<br><br>              Plaintiffs,<br><br>    v.<br><br>BP PRODUCTS NORTH AMERICA INC., a corporation,<br><br>              Defendant.<br><br>BP PRODUCTS NORTH AMERICA INC.,<br><br>              Counter-Plaintiff,<br><br>    v.<br><br>JOHNSON MATTHEY INC., a corporation, and CSI ALISO, INC. (formerly known as Applied Utility Systems, Inc.), a corporation,<br><br>              Counter-Defendants. | Case No. SACV 12-01035- JVS(JPRx)<br><br>Judge James V. Selna<br><br>**ORDER REGARDING STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Jean P. Rosenbluth]**<br><br>Removed from the Superior Court of California, County of Orange, Case No. 30-2012-00568719-CU-BC-CJC |

ORDER REGARDING STIPULATED PROTECTIVE ORDER - USDC - SACV 12-01035 JVS(JPR)
DM1\3696448.2

# ORDER

The Court having considered the parties' Stipulation Regarding Protective Order, and good cause appearing therefore, hereby orders the Stipulation entered, as modified by Judge Rosenbluth.

IT IS SO ORDERED:

Dated: <u>March 01, 2013</u>

_____
Magistrate Judge Jean P. Rosenbluth

1 **BARNES & THORNBURG LLP**
  KEVIN D. RISING (SBN 211663)
2 JOEL R. MEYER (SBN 247620)
  CLIFFORD J. SHAPIRO (Admitted *Pro Hac Vice*)
3 KATARZYNA K. DYGAS (Admitted *Pro Hac Vice*)
  2049 Century Park East, Suite 3550
4 Los Angeles, California 90067-3012
  Telephone: 310-284-3880
5 Facsimile: 310-284-3894

6

7 Attorneys for BP Products North America Inc.

8 **IN THE UNITED STATES DISTRICT COURT FOR THE**
9 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNSON MATTHEY INC., a corporation, and CSI ALISO, INC. (formerly known as Applied Utility Systems, Inc.), a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BP PRODUCTS NORTH AMERICA INC., a corporation,<br><br>Defendant. | Case No. SACV 12-01035- JVS(JPRx)<br><br>Judge James V. Selna<br><br>**STIPULATION REGARDING PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Jean P. Rosenbluth]**<br><br>Removed from the Superior Court of California, County of Orange, Case No. 30-2012-00568719-CU-BC-CJC |
| BP PRODUCTS NORTH AMERICA INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>JOHNSON MATTHEY INC., a corporation, and CSI ALISO, INC. (formerly known as Applied Utility Systems, Inc.), a corporation,<br><br>Counter-Defendants. | |

---

STIPULATION FOR PROTECTIVE ORDER - USDC - SACV 12-01035 JVS(JPR)

DM1\3696448.2

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information ("Sensitive Information") for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties to the above captioned case, Johnson Matthey Inc., CSI Aliso, Inc. and BP Products North America Inc., and non-party subpoena respondents, Coen Company, Inc. ("Coen") and Jacobs Engineering Group, Inc. ("Jacobs"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The signatories hereto acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The signatories further acknowledge, as set forth in Section 13, below, that this Stipulated Protect Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and reflects that standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE SHOWN**

The signatories respectfully believe that good cause exists to enter the instant Stipulated Protective Order to protect the Sensitive Information from public disclosure. The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. This Stipulated Protective Order is necessary to prevent such harm to the Parties and Non-Parties. The signatories have attempted to draft this Stipulated Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

3. **DEFINITIONS**

 (a) <u>Party:</u> any party to this action, including all of its officers, directors, employees, in-house counsel, consultants, retained experts, and outside counsel (and their support staff).

 (b) <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, including but not limited to Coen and Jacobs.

 (c) <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

 (d) <u>"Confidential" Information or Items:</u> information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

 (e) <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items:</u> extremely sensitive "Confidential" Information or Items whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

 (f) <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Materials in this action.

 (g) <u>Receiving Party:</u> a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

 (h) <u>Designating Party:</u> a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(i) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(j) <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

(k) <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action.

(l) <u>Professional Vendors</u>: persons or entities that provide litigation support and services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing; storing; retrieving data in any form or medium; etc.) and their employees and subcontractors.

(m) <u>Outside Counsel</u>: attorneys who are not employees of a Party or a Non-Party but who are retained to represent or advise a Party or a Non-Party in this action.

(n) <u>In-House Counsel: attorneys who are employees of a Party or a Non-Party and who represent or advise a Party or a Non-Party related to this action.</u>

4. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by any Party, Non-Party or counsel to or in court or in other settings that might reveal Protected Material.

5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition

shall be deemed to be the later of (1) dismissal of all claims, counter-claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. **DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Notwithstanding any other provision contained herein, all Discovery Material that is disclosed or produced by a Party or by a Non-Party in connection with this case shall be used only for purposes of this litigation (namely, prosecuting, defending, or attempting to settle this litigation), and shall not be used for any other purpose. Each Party and Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any designation of Discovery Material for further protection to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on another Party), may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection at all, or do not qualify for the

level of protection initially asserted, that Designating Party must promptly notify each Receiving Party that it is withdrawing the mistaken designation.

6.2 <u>Manner of Designations:</u> Except as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly designated in the following manner:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pre-trial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains material qualifying for protection. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), and must specify for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>For testimony given in deposition</u>, all Parties shall treat testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the later of 30 days after the deposition or 21 days after receipt of any transcript of the deposition, unless

and until any pages are otherwise designated. The Designating Party has the later of 30 days after the deposition or 21 days after receipt of any transcript of a deposition to identify the pages containing the testimony entitled to protection and to mark or designate those pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

Transcripts containing Protected Material must be affixed by the court reporter with a legend at the top of the transcript stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c) <u>For documents produced electronically in native format</u>, the Producing Party must either (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") in a clear, distinctive manner, to any document containing Protected Material, or (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the exterior of any CD, DVD, Flash Drive, Hard Drive, or any other media containing Protected Material.

(d) <u>For information produced in some form other than native or documentary, and for any other tangible items,</u> the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they are designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.3 <u>Post-Production Designations:</u> A Designating Party may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" at any time after the material is produced without such designation by

notifying the Receiving Party in writing. The Parties agree that a Designating Party's production of material without the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not waive or prejudice the Designating Party's right to secure protection under this Stipulated Protective Order for such material. All material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced without such designation shall be treated as otherwise required under this Stipulated Protective Order, The Receiving Party, on notification of the designation, shall take all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges:</u> Any Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer:</u> A Challenging Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party pursuant to Civil Local Rule 37-1. The Challenging Party must explain the basis for its belief that the confidentiality designation is improper, and must give the Designating Party an opportunity to review the material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     Judicial Intervention: A Challenging Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a written stipulation under Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, the material in question shall be afforded the level of protection to which it is entitled under the Designating Party's designation.

## 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles: A Receiving Party may use Discovery Material and Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

8.2     Storage: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.3     Disclosure of "Confidential" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel, including stenographic, paralegal, clerical employees, to whom it is reasonably necessary to disclose the information for this litigation. The consent of the

undersigned Outside Counsel to this Stipulated Protective Order shall be deemed binding upon Outside Counsel's stenographic, paralegal, clerical and other employees;

(b) the officers, directors, employees (including In-House Counsel) and, former employees of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom it is reasonably necessary to disclose the information for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; ~~and (3) who have been approved pursuant to the procedure of section 8.5;~~

(d) the Court and its personnel;

(e) court reporters, their staffs, jury consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

(f) during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of the document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.4 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by

the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel, including stenographic, paralegal, clerical employees, to whom it is reasonably necessary to disclose the information for this litigation. The consent of the undersigned Outside Counsel to this Stipulated Protective Order shall be deemed binding upon the Outside Counsel's stenographic, paralegal, clerical and other employees;

  (b) the Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom it is reasonably necessary to disclose the information for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

  (d) the Court and its personnel;

  (e) court reporters, their staffs, jury consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

  (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  (g) during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In additional, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential materials, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom the

11

STIPULATION FOR PROTECTIVE ORDER - USDC - SACV 12-01035 JVS(JPR)

DM1\3696448.2

unauthorized disclosure was made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

### 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Protective Order apply to information produced by a Non-Party in this action. Any material designated by a Non-Party as privileged or as Protected Material pursuant to the terms of this Stipulated Protective Order and produced in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.

### 12. INADVERTANT DISCLOSURE OF PRIVILEGED INFORMATION

Inadvertent disclosure of any document or information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege during discovery in this matter shall be without prejudice to any claim that such document or information is privileged. Inadvertent disclosure (including production) of information that a Party or Non-Party later claims should not have been disclosed because of privilege, shall not constitute a waiver of, or estoppel as to any claim of attorney-client, attorney work-product or other applicable privilege. If the Producing Party represents in writing that such document or other information was inadvertently disclosed, the Receiving Party shall immediately return to counsel for the Producing Party any all copies of the inadvertently produced privileged material and thereafter refrain from any use whatsoever of the inadvertently produced material, unless such privilege has been waived by some means other than the inadvertent disclosure. This Stipulated Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502. Nothing herein shall prevent the Receiving Party from contending that any applicable privilege does not apply or was waived for reasons other

12
STIPULATION FOR PROTECTIVE ORDER - USDC - SACV 12-01035 JVS(JPR)
DM1\3696448.2

than the inadvertent disclosure of the material, and the Receiving Party can file a Motion with the Court challenging the assertion of privilege.

### 13. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party or Non-Party may not file in the public record in this action any Protected Material. A Party or Non-Party that seeks to file any Protected Material under seal must comply with Civil Local Rule 79-5.

### 14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Discovery Material and all Protected Material to the Producing Party or with written permission from the Producing Party, the Receiving Party may destroy some or all of the Discovery Material and Protected Material in lieu of returning it. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written declaration to the Producing Party (and, if not the same person or entity, the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other forms of reproducing or capturing any Protected Material.

Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work-product, even if such materials contain Discovery Material or Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 (DURATION).

## 15. MISCELLANEOUS

15.1 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Stipulated Protective Order, no signatory waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no signatory waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

15.2 <u>No Admission of Confidentiality</u>: Nothing in this Stipulated Protective Order shall operate as an admission by any Party or Non-Party that any particular Discovery Material contains or reflects trade secrets, non-public proprietary or commercial information, or other confidential matters.

15.3 <u>Right to Seek Modification</u>: The Parties and Non-Parties agree that, by stipulating to entry of this Stipulated Protective Order, no Party or Non-Party waives the right to later petition the Court for modification of this Stipulated Protective Order. Furthermore, the Parties and Non-Parties agree that in no circumstance shall a Party or Non-Party be liable for sanctions for seeking or opposing the modification of this Stipulated Protective Order.

15.4 <u>Right to Request Injunction</u>: The Parties and Non-Parties acknowledge that any breach of this Stipulated Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If any person violates or threatens to violate the terms of this Stipulated Protective Order, the Parties and Non-Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and that in such a situation any respondent who is subject to the provisions of this Stipulated Protective Order may not employ as a defense that the aggrieved party possesses an adequate remedy at law.

| | |
|---|---|
| Dated: February 5, 2013 | **DUANE MORRIS, LLP**<br>Joseph A. Battipaglia<br><br>By: */s/ Joseph A. Battipaglia*<br><br>ATTORNEYS FOR PLAINTIFFS/COUNTER-DEFENDANTS JOHNSON MATTHEY, INC. AND CSI ALISO, INC. |
| Dated: February 5, 2013 | **BARNES & THORNBURG LLP**<br>Clifford J. Shapiro<br><br>By: */s/ Clifford J. Shapiro*<br><br>ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF BP PRODUCTS NORTH AMERICA INC. |
| Dated: February 5, 2013 | **BARNES & THORNBURG LLP**<br>Clifford J. Shapiro<br><br>By: */s/ Clifford J. Shapiro*<br><br>ATTORNEYS FOR NON-PARTY JACOBS ENGINEERING GROUP, INC. |
| | |
| Dated: February 5, 2013 | **KOCH COMPANIES PUBLIC SECTOR, LLC**<br>Robert E. Pinnell<br><br>By: */s/ Robert E. Pinnell*<br><br>ATTORNEYS FOR NON-PARTY COEN COMPANY, INC. |

15
**STIPULATION FOR PROTECTIVE ORDER - USDC - SACV 12-01035 JVS(JPR)**
DM1\3696448.2

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of JOHNSON MATHEY, INC. AND CSI ALISO, INC. V. BP PRODUCTS NORTH AMERICA INC., Case No.: SACV 12-01035-JVS (JPR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

SIGNATURE: _____